IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Jessica Lynne Hannah*
Case No. 3:19-cr-00115-TMB-MMS

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

The matter comes before the Court on the United States' Appeal Pursuant to 18 U.S.C. § 3145 to Revoke Magistrate's Pretrial Release Order ("Appeal").[1] For the foregoing reasons, the Court **AFFIRMS** the Pretrial Release Order.[2]

Defendant Jessica Lynne Hannah is charged with Attempted Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.[3] She was released to a third-party custodian but later remanded into custody after violating the conditions of her release by twice testing positive for drugs.[4]

On March 5, 2020, Hannah filed a Motion for Bail Hearing ("Motion").[5] The United States Probation/Pretrial Services Officer had notified defense counsel that a bed was available for Hannah to attend an inpatient treatment program.[6] Hannah therefore moved for release in order to attend inpatient treatment and subject to any other conditions set forth by the Court.[7] The United States opposed, stating that Hannah's previous violations despite the Court's admonishments do not warrant reopening the detention order.[8]

At the Bail Review Hearing on March 9, 2020, the Magistrate Judge found that releasing Hannah to inpatient treatment was appropriate. The Magistrate Judge noted that Hannah had never participated in a drug treatment program before, she was candid regarding her violative drug use, signed a voluntary admission form, and voluntarily remanded into custody. At that point, the United States made an oral motion to stay the release order, which was granted, and filed the present Appeal.

---

[1] Dkt. 42 (Appeal).
[2] The Magistrate Judge's Pretrial Release Order is presently stayed pending a decision on this appeal. Dkt. 49.
[3] Dkt. 3 (Indictment).
[4] *See* Dkts. 15 (Order Setting Conditions of Release); 29 (Petition for Action on Conditions of Pretrial Release); and 34 (Order of Detention).
[5] Dkt. 37 (Motion).
[6] *Id.* at 1.
[7] *Id.*
[8] Dkt. 41 (Opposition).

1

The Court reviews the Magistrate Judge's Pretrial Release Order *de novo* pursuant to 18 U.S.C. § 3145(a)(1).[9] Under §§ 3142(e)(3)(A) and (f)(1), Hannah is subject to a rebuttable presumption of detention. To make its finding regarding detention or release, the Court considers the factors listed in § 3142(g), including: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristic of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

Here, Hannah has rebutted the presumption of detention. Although the nature of the charged offense is serious and there appears to be significant evidence against Hannah, her history and characteristics weigh in favor of release. She is a young adult with family ties to Anchorage and limited criminal history. Her prior conduct is consistent with having an addiction problem but she has accepted responsibility for relapsing while on pretrial release and expresses a willingness to participate in the treatment program. The Court is persuaded that Hannah should have the opportunity to address her addiction. To that end, the Court finds that new, material information does exist to warrant reconsideration of detention.[10] The recent availability of a bed at an inpatient treatment program, while less restrictive than her previous conditions of release, offers a different combination of conditions that may directly address Hannah's substance abuse issues and help prevent future relapses. The Court notes that GPS location monitoring remains a condition of Hannah's release and, considering her previous voluntary remand, finds that Hannah does not pose a risk of flight.

Accordingly, the Court **FINDS** that there is a combination of conditions that will reasonably assure Hannah's appearance and **AFFIRMS** the Pretrial Release Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: March 11, 2020.

---

[9] *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990).
[10] *See* 18 U.S.C. § 3142(f)(2).